DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Duane Jones appeals from the decision rendered in the Cuyahoga Falls Municipal Court finding Jones guilty of driving while intoxicated. We affirm.
Jones was stopped in the early morning hours of February 8, 1997, by Stow City patrolmen after turning left from Darrow Road onto Graham Road. The patrolmen had observed Jones' car weave left of the center line four times.
Field sobriety tests were conducted, and Jones was arrested for driving while intoxicated, in violation of R.C. 4511.19(A)(1).
This case was tried before a jury on July 22, 1997. The jury found Jones to be guilty. Jones appeals, assigning one error.
Jones' sole assignment of error states:
 THE CONVICTION OF THE DEFENDANT-APPELLANT'S SHOULD BE REVERSED DUE TO THE IMPROPER AND UNSOLICITED COMMENTS OF THE ARRESTING OFFICER ON DIRECT EXAMINATION.
Officer Joseph Hepler, of the Stow City Police Department, was a witness for the state in this case. On direct examination, after a series of questions concerning the roadside encounter with Jones, the following exchange occurred:
 Q. Were you able — did you speak with the defendant at all?
A. Yes, I heard him make several statements.
* * *
Q. What were the statements?
 A. He stated — he admitted that he had been drinking, he stated he only had two or three beers, he asked could we just give him a ride home. He stated that he had already been arrested for DUI —
MR. KEITH: Objection, your Honor. May we approach?
Immediately after this exchange, the trial court admonished the jury to "completely disregard" the officer's statement, as it had "absolutely no relevancy in this particular matter."
Jones contends that Hepler's comment about Jones' prior crimes, which was clearly prohibited by Evid.R. 404(B),[1] so prejudiced Jones that his conviction must be reversed. Jones further asserts that a mistrial should have been granted.
Because Jones did not move for a mistrial, Jones has waived any claim of error on the part of the trial court but plain error.State v. Joseph (1995), 73 Ohio St.3d 450, 461, certiorari denied (1996), 516 U.S. 1178, 134 L.Ed.2d 222. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Crim.R. 52(B). A plain error must be obvious on the record, such that it should have been apparent to the trial court without objection. SeeState v. Tichon (1995), 102 Ohio App.3d 758, 767. We will not reverse for plain error unless the appellant established that the outcome of the trial clearly would have been different but for the alleged error. State v. Waddell (1996), 75 Ohio St.3d 163, 166. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips (1995), 74 Ohio St.3d 72,83, certiorari denied (1996), 517 U.S. 1213, 134 L.Ed.2d 938. Jones has not established that the outcome of the trial cleansed of the objectionable statement would have been different or that the trial court's failure to order a mistrial was a manifest miscarriage of justice. In view of those factors, and in light of the trial judge's swift and sure actions to cure whatever harm may have been done by the statement and the one-sided evidence of Jones' guilt, we do not find plain error.
Jones' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Cuyahoga Falls Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
REECE, J., CONCUR
[1] Evid.R. 404(B) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 403(A) states:
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.